# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

DESIGNWORKS HOMES, INC., CHARLES L. JAMES,

    Plaintiffs,

        v.

SUSAN HORAK, BOONE GROUP, LTD.,

    Defendants.

Case No. 2:18-CV-04093-BCW

**Oral Argument Requested**

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES (DKT. 130)

1

# CONTENTS

TABLE OF AUTHORITIES ................................................................................. 3

ISSUES PRESENTED.......................................................................................... 6

ARGUMENT ........................................................................................................ 7

I.      FEES SHOULD BE DENIED BECAUSE THE *FOGERTY* FACTORS AND THE CASE-SPECIFIC FACTORS WEIGH AGAINST COPYRIGHT FEE-SHIFTING HERE. ....................... 8

      A.    Copyright fee-shifting is decided by the application of a number of factors, for which the movant bears the burden of proof................................................ 8

      B.    The *Fogerty* factors do not support copyright fee-shifting here. ................... 10

            i.    Plaintiffs' case was not objectively unreasonable. ............................ 10

            ii.    Plaintiffs' case was not frivolous........................................................ 11

            iii.   Plaintiffs' case was not improperly motivated................................... 12

            iv.   There is no particular need for compensation or deterrence............. 13

      C.    The case-specific factors do not support copyright fee-shifting here. ............ 16

            i.    The purposes factor weighs against fees............................................. 16

            ii.    The chilling-effect factor weighs against fees. .................................. 17

      D.    Weighed together, the copyright-fee factors weigh against fees. ................... 17

II.     IN THE ALTERNATIVE, FEES SHOULD BE REDUCED FOR EQUITABLE REASONS AND BECAUSE CERTAIN FEES SOUGHT ARE NOT COMPENSABLE...................................... 18

      A.    Any fees awarded should be reduced in light of equitable considerations. .... 18

      B.    Certain fees requested in the underlying proceeding are not compensable.... 18

III.    COSTS SHOULD BE DECIDED BY REFERENCE TO THE PARTIES' SEPARATE COSTS SUBMISSIONS—NOT A MOTION FOR ATTORNEY FEES................................................. 20

CONCLUSION.................................................................................................... 21

CERTIFICATE OF SERVICE ............................................................................. 22

## TABLE OF AUTHORITIES[1]

### Cases

Apps v. Universal Music Grp., Inc.,
    799 F. App'x 523 (9th Cir. 2020) ........................................................................ 18

Bell v. Eagle Mt. Saginaw Indep. Sch. Dist.,
    27 F.4th 313 (5th Cir. 2022) ............................................................................ 15

BMI v. C.B.G., Inc.,
    2014 U.S. Dist. LEXIS 127914 (D. Mass. Sept. 12, 2014) ................................. 9, 13

Crescent Publ'g Group, Inc. v. Playboy Enters.,
    246 F.3d 142 (2d Cir. 2001) ............................................................................... 9

D.L. v. St. Louis City Pub. Sch. Dist.,
    2019 U.S. Dist. LEXIS 50239 (E.D. Mar. 26, 2019).......................................... 19

Ets-Hokin v. Skyy Spirits, Inc.,
    323 F.3d 763 (9th Cir. 2003) ............................................................................ 17

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
    499 U.S. 340 (1991)......................................................................................... 10

Fogerty v. Fantasy, Inc.,
    510 U.S. 517 (1994)........................................................... 8, 10, 15, 16, 17

Gable v. NBC,
    2010 U.S. Dist. LEXIS 150588 (C.D. Cal. Aug. 5, 2010)..................................... 19

GE Capital Corp. v. FPL Serv. Corp.,
    2014 U.S. Dist. LEXIS 201806 (N.D. Iowa Mar. 26, 2014) ................................. 19

Greater St. Louis Constr. Laborers Welfare Fund v. X-L Contr., Inc.,
    2016 U.S. Dist. LEXIS 150323 (E.D. Mo. Oct. 31, 2016)..................................... 19

Hartman v. Hallmark Cards, Inc.,
    833 F.2d 117 (8th Cir. 1987) ............................................................................ 10

---

[1] In these Suggestions, emphasis is added unless otherwise indicated. Statutory citations are to Title 17 of U.S. Code unless otherwise indicated. Internal citations, quotation marks, ellipses, and brackets are often removed from quoted material for the ease of reading. Record cites are to "Dkt." and use the docket-stamped pagination, not the internal pagination of the cited document.

3

Home Corp. v. Reve Dev. Corp.,
    2007 U.S. Dist. LEXIS 108128 (N.D. Fla. June 21, 2007) ...................................................... 13

Jo Ann Howard & Assocs., P.C. v. Cassity,
    2020 U.S. Dist. LEXIS 29932 (E.D. Mo. Feb. 21, 2020) ........................................................ 19

Johnson v. Storix, Inc.,
    716 F. App'x 628 (9th Cir. 2017) .......................................................................................... 18

Karam v. City of Burbank,
    352 F.3d 1188 (9th Cir. 2003) ............................................................................................... 11

Killer Joe Nev., LLC v. Doe,
    807 F.3d 908 (8th Cir. 2015) ........................................................................................... 12, 16

Kirtsaeng v. John Wiley & Sons, Inc.,
    579 U.S. 197 (2016) ........................................................................... 8, 9, 10, 13, 16, 17

Krekelberg v. City of Minneapolis,
    2023 U.S. Dist. LEXIS 129755 (D. Minn. July 27, 2023) ...................................................... 19

LaGarde v. Metz,
    2017 U.S. Dist. LEXIS 82928 (M.D. La. May 31, 2017) ........................................................ 21

Lanard Toys v. Dimple Child LLC,
    843 F. App'x 894 (9th Cir. 2021) .......................................................................................... 18

Lieb v. Topstone Indus., Inc.,
    788 F.2d 151 (3d Cir. 1986) .................................................................................................. 18

Lotus Dev. Corp. v. Borland Int'l Inc.,
    140 F.3d 70 (1st Cir. 1998) ................................................................................................... 15

Mo. Primate Found. v. PETA.,
    2023 U.S. Dist. LEXIS 51469 (E.D. Mo. Mar. 27, 2023) ...................................................... 19

Neitzke v. Williams,
    490 U.S. 319 (1989) ....................................................................................................... 11, 12

Pearson Educ., Inc. v. Almgren,
    685 F.3d 691 (8th Cir. 2012) ................................................................................................ 13

Pinkham v. Camex, Inc.,
    84 F.3d 292 (8th Cir. 1996) .................................................................................................. 20

Rimini St., Inc. v. Oracle USA, Inc.,
    139 S. Ct. 873 (2019) ........................................................................................................... 20

4

Seltzer v. Green Day, Inc.,
    725 F.3d 1170 (9th Cir. 2013) ................................................................. 10

Summerville v. TWA,
    1999 U.S. Dist. LEXIS 21890 (E.D. Mo. Sept. 28, 1999) ......................... 19

WB Music Corp. v. Royce Int'l Broad. Corp.,
    2018 U.S. Dist. LEXIS 227743 (C.D. Cal. July 9, 2018) ........................... 13

**Statutes**

17 U.S.C. § 120(a) ....................................................................................... 11

17 U.S.C. § 410 ............................................................................................ 10

17 U.S.C. § 411 ............................................................................................ 10

17 U.S.C. § 505 .................................................................................. 8, 18, 20

28 U.S.C. § 1920 ..................................................................................... 20, 21

**Rules**

Fed. R. App. P. 38 ........................................................................................ 20

Fed. R. Civ. P. 54 ........................................................................................ 21

## ISSUES PRESENTED

I.      *Fee-Shifting Factors*: Whether Defendants have met their burden to show that copyright's fee-shifting factors, *i.e.*, both the <u>Fogerty</u> factors and the additional case-specific factors, support deviating from the well-established American Rule that each party pay for its own attorneys:

      a.      Whether this copyright action was objectively unreasonable.

      b.      Whether this copyright action was frivolous.

      c.      Whether Defendants have shown this action was improperly motivated.

      d.      Whether particular circumstances require deterrence or compensation here.

      e.      Whether this litigation furthered the purposes of the Copyright Act.

      f.      Whether fee-shifting here would chill rightsholders exercise of their rights.


II.     *Fee-Shifting Amount*: If the fee factors support fee-shifting here, what amount is a "reasonable" fee:

      a.      Whether equitable factors support a reduction in a fee award here

      b.      Whether numerous line-item entries in the invoices are not compensable.


III.    *Further Costs*: Whether the Copyright Act's cost provision authorizes the taxation of litigation expenses as costs beyond the six categories of costs authorized by the general cost statute.

6

## ARGUMENT

Defendants' fee motion is fundamentally flawed. Without justification or authority, it asks this Court to entirely ignore Plaintiffs' appellate victory and the significance of the Eighth Circuit's appellate decision, to instead rubber stamp a pre-reversal fee order without conducting the required factors analysis.

Their audacious request is without precedent. Defendants cite no authority for a post-reversal imposition of copyright fee-shifting against prevailing parties on appeal, let alone the re-imposition of a pre-reversal fee order entered, as they would have it, without even bothering to reapply the governing factors anew. Even if Defendants did muster authority for a post-reversal imposition of copyright fee-shifting, such authority would not condone ignoring the necessary impact of the appeal upon the governing <u>Fogerty</u> and case-specific factors; would not condone ignoring previously undisclosed evidence that wholly transforms a critical consideration in a copyright fee-shifting analysis; and would not condone ignoring the doctrinal developments and clarifications that stem from both the appellate decision and this Court's recent summary-judgment order.

When those considerations are taken into account, the governing factors point decisively against departing from the American Rule that each side pays its own way in litigation. Plaintiffs came to court to enforce their rights as they viewed them, with registered copyrights, proved a prima facie case, won on a central affirmative defense, in a case that spawned two first-in-the-nation decisions, on what all sides agree are truly important issues, giving clarity to copyright law and furthering its purposes. Given all this, ordering a ruinous windfall against Plaintiffs of modest means—where Defendants have already been compensated—would be wrong. The Motion should be denied.

7

# I. FEES SHOULD BE DENIED BECAUSE THE FOGERTY FACTORS AND THE CASE-SPECIFIC FACTORS WEIGH AGAINST COPYRIGHT FEE-SHIFTING HERE.

This Section addresses why fees should be denied. It proceeds by **(1)** providing clarity regarding the copyright-specific standards for fee-shifting that are distinct from other areas of law, see Section I.A, *infra*; **(2)** explaining why copyright's Fogerty factors weigh against fee-shifting here, see Section I.B, *infra*; **(3)** explaining why copyright's case-specific factors weigh against fee-shifting here, see Section I.C, *infra*; and **(4)** discussing the factors' overall weighing, see Section I.D, *infra*.

## A. Copyright fee-shifting is decided by the application of a number of factors, for which the movant bears the burden of proof.

Defendants say they're "**ENTITLED**" to fees. Dkt. 130 at 4 ("*ENTITLED TO* FULL COSTS AND *ATTORNEYS' FEES*" (bold removed)), 7 ("*Entitles Defendants to* Their Respective Full Costs and *Attorneys' Fees*" (bold removed)). That's an inaccurate statement of the governing legal standard. Copyright fee-shifting is ***only*** proper if the governing factors command a departure from the ordinary rule that each party pays its own way. Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994) ("[I]t is the general rule in this country that [...] parties are to bear their own attorney's fees.").

1. Unlike civil-rights fees, copyright fees are governed by a series of factors: Fee-shifting in copyright is ***not*** like fee-shifting in other areas of law, like civil rights. Fogerty, 510 U.S. at 525; see Dkt. 130 at 7 ("*not* like civil rights cases"). Under civil-rights fee-shifting, a prevailing party *is* entitled to fees. Not so under §505 copyright fee-shifting. Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016) ("may ***not*** award attorney's fees as a matter of course").

8

Fee-shifting in copyright litigation is _only_ proper if the governing factors command a departure from the traditional rule that each side pays its own way. Id. at 203 (rejecting view "that each district court should otherwise proceed as it sees fit, assigning whatever weight to whatever factors").

2.    Defendants bear the burden on each factor: The movants seeking fees, Defendants here, bear the burden of proof on each factor. They must come forth with **_evidence_** demonstrating that a factor supports fee-shifting. See, e.g., Crescent Publ'g Group, Inc. v. Playboy Enters., 246 F.3d 142, 147 (2d Cir. 2001) (Evidence "is necessary to determine the propriety of a fee award[.]"); BMI v. C.B.G., Inc., 2014 U.S. Dist. LEXIS 127914, *4-5 (D. Mass. Sept. 12, 2014) ("Lacking any specific and concrete evidence"). Without evidence on a factor, that factor weighs against fees.

3.    The pre-reversal order on fees cannot be simply reinstated: Defendants urge this Court to reinstate its pre-reversal fee order. E.g., Dkt. 130 at 4-7 (Section III.B), 4 (prior order "should be renewed"); 6 ("already found"). Doing so would be blatantly improper. The appellate decision requires a reappraisal and reapplication of the governing factors **(1)** because the appellate opinion necessarily affects the _weight_ of the factors; **(2)** because _new evidence_ that Defendants withheld has come to light; **(3)** because Plaintiffs present _additional issues_ and evidence; and **(4)** because, _even if_ the Court were to reimpose fees, the appellate decision affects which fees are compensable.

**B.** **The <u>Fogerty</u> factors do not support copyright fee-shifting here.**

There are *four* <u>Fogerty</u> factors.  <u>Fogerty</u>, 510 U.S. at 534 n.19.  This Section discusses all four, explaining why each weighs against fee-shifting here.  <u>See</u> Section I.B.i (objective unreasonableness), I.B.ii (frivolousness), I.B.iii (motivation); I.B.iv (compensation/deterrence), *infra*.

> i. *<u>Plaintiffs' case was not objectively unreasonable.</u>*

The first and most important <u>Fogerty</u> factor asks "whether the losing party advanced an unreasonable" case.  <u>Kirtsaeng</u>, 579 U.S. at 207.  A reasonable case is simply one that's "colorable and not baseless."  <u>Hartman v. Hallmark Cards, Inc.</u>, 833 F.2d 117, 123 (8th Cir. 1987).  And, the mere fact that a party lost "*<u>cannot</u>* establish his objective unreasonability."  <u>Seltzer v. Green Day, Inc.</u>, 725 F.3d 1170, 1181 (9th Cir. 2013).  Here, Plaintiffs' case wasn't objectively unreasonable, *i.e.*, wasn't baseless.

<u>1.</u>     <u>Plaintiffs' works are registered</u>: Plaintiffs' works are registered works approved by the U.S. Copyright Office.  <u>E.g.</u>, Dkt. 1-2; 1-3; <u>see</u> Dkt. 130 at 2 (acknowledging "copyright registrations").  The fact that the Copyright Office registered the works—which is a statutory go-ahead to bring suit, §§410-411—lends credence to the case's factual and legal bases, *i.e.*, its reasonableness.

<u>2.</u>     <u>Plaintiffs proved a prima facie case</u>: A copyright-infringement claim has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991).  The first element isn't disputed.  Defendants conceded the second.  <u>E.g.</u>, Dkt. 60 at 9 ¶ 17 (conceding copying).

10

Thus, Plaintiffs proved a prima facie case—giving further demonstration of the case's reasonableness.

3. <u>Plaintiffs prevailed on a central affirmative defense</u>: Defendants' central defense on the merits was §120(a). Dkt. 60 at 17-21 (III.B). Ultimately, Plaintiffs prevailed on §120(a). Dkt. 100-3. And, the fact that Plaintiffs, in addition to proving a prima facie case, have prevailed on one of Defendants' central merits defenses further establishes the case's fundamental objective reasonableness.

* * * * *

The Court's prior fee order didn't address the significance of the registrations; of the proof of a prima facie case; or of the appellate victory on Defendants' central merits defense. <u>See</u> Dkt. 96 at 4-5. (Given that the fee order predated the appellate decision, it couldn't have.) Pointedly, a case where plaintiffs come to court with registered works; where they prove a prima facie case; and where they further prevail on defendants' central merits defense isn't baseless. *<u>That's</u>* a reasonable case.

This factor weighs against fees.

### ii. *<u>Plaintiffs' case was not frivolous.</u>*

The next <u>Fogerty</u> factor is frivolousness. This factor weighs decidedly against fees here: because this case was objectively reasonable, <u>see</u> Section I.B.i, *supra*, it was not remotely frivolous *a fortiori*. A case is only frivolous where that claim is "clearly baseless" and involves "fantastic or delusional scenarios." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-328 (1989). Indeed, a "case may be deemed frivolous only when the result is obvious[.]" <u>Karam v. City of Burbank</u>, 352 F.3d 1188, 1195 (9th Cir. 2003).

11

This case does not fit the bill.

Frivolous cases don't win on appeal.  Dkt. 130.  Frivolous cases don't face Supreme Court petitions from top Supreme Court advocates.  [Petition 27](#) (GOLDSTEIN & RUSSELL: "important questions of copyright law").  Frivolous cases don't attract attention from lots of amici.  [Sup. Ct. Dkt. No. 21-1217](#).  Indeed, Defendants' attempt to mischaracterize this case as "baseless" and "frivolous[,]" Dkt. 130 at 7-8, 10, should be seen for what it truly is: a cash grab that "distort[s] measurably the meaning of frivolousness both in common and legal parlance."  See Neitzke, 490 U.S. at 328-329.

A case where plaintiffs have registered copyrighted works; prove a prima facie case; and prevail on one of the defendants' central defenses is by no means frivolous—*i.e.*, by no means a "delusional" case.

This factor weighs heavily against fees.

### iii. *Plaintiffs' case was not improperly motivated.*

The next Fogerty factor asks if the losing party had improper motivations.  Killer Joe Nev., LLC v. Doe, 807 F.3d 908, 911 (8th Cir. 2015).  Plaintiffs didn't.  They sued to enforce their copyrights as they understood them against those they believed to have infringed.  That's not improper.

1. The motion doesn't identify an improper motivation: Neither Defendants' instant fee briefing, Dkt. 130, nor its prior fee briefing, Dkt. 93, 95, identify an improper motivation that they purport Plaintiffs held.  That's because there wasn't one: Plaintiffs' motivation was to enforce their rights as they saw them.  That's not improper.

12

2. <u>The motion gives no evidence of improper motivations</u>: If fee movants wish to rely upon this factor, courts insist they give **evidence** of improper motivation. <u>E.g.</u>, <u>WB Music Corp. v. Royce Int'l Broad. Corp.</u>, 2018 U.S. Dist. LEXIS 227743, *13 (C.D. Cal. July 9, 2018) ("***no evidence*** of Plaintiffs' improper motive in bringing the action"); <u>Home Corp. v. Reve Dev. Corp.</u>, 2007 U.S. Dist. LEXIS 108128, *6 (N.D. Fla. June 21, 2007) ("***no evidence*** of an improper motive on the part of the plaintiff"); <u>BMI</u>, 2014 U.S. Dist. LEXIS 127914, at *4-5 ("Lacking any ***specific and concrete evidence***[…]"). Here, Defendants supply none. Even if they had identified an improper motive that purportedly existed, they'd have nonetheless failed to substantiate it with ***evidence***.

* * * * *

It's not surprising attorneys representing prevailing parties deploy colorful-but-unsubstantiated rhetoric to try to enhance their win with a fee award. Yet, courts don't take such attorney say-so at face value. Here, Defendants have neither identified nor proven improper motivations *because there weren't any*. (Plaintiffs' nonprofit counsel wouldn't represent them if there were.)

This factor weighs against fees.

       *iv.*    *There is no particular need for compensation or deterrence.*

The fourth <u>Fogerty</u> factor asks if the "*particular* circumstances" support a need for compensation or deterrence. <u>Kirtsaeng</u>, 579 U.S. at 202; <u>Pearson Educ., Inc. v. Almgren</u>, 685 F.3d 691, 696 (8th Cir. 2012) ('*particular* circumstances"). Here, the circumstances do the opposite—undermining any such need.

13

1.    Formerly undisclosed trade-association financing weighs against fees: Ordinarily, a prevailing party is burdened by the considerable expense of litigating to judgment in federal court.  Presumably, that concern animated the prior fee order at least in part—*i.e.*, an understandable sympathy for what seems like middle-class realtors embroiled in yearslong litigation.  See Dkt. 96.  Yet that's ***not*** what's really going on here.  Rather, here, the National Association of Realtors ("NAR") is fully backing and litigation-financing Defendants to use this case as a vehicle for advancing NAR's policy goals: as of July 6, 2020, "**NAR [had] provided a collective total of $280,000**" in financing to Defendants to serve NAR's policy interests.  NAR Amicus Reply 7.[2]

*That's* the $280,000 Defendants seek in fees.[3]  Yet, once Defendants' misleading omission of this critical fact is properly disclosed, any compensation rationale evaporates **(1)** because NAR's financing shows *Defendants* weren't burdened by the expense of litigation; **(2)** because the person actually paying (NAR) saw these cases as an *opportunity*, not a burden, for their possible precedential benefit to NAR's policy interests, see Dkt. 100-3 at 13 (NAR "should direct its argument to the political branches."); and **(3)** because paying someone a second time for something that they've already been paid for is pure windfall—not "compensation."  The circumstances here—financing by a third party very much interested in and not burdened by the litigation—weigh strongly against fees.

---

[2] Defendants have misleadingly failed to disclose this financing in their prior fee motion, Dkt. 93, and have compounded the lack of candor by failing to disclose the financing in their most recent motion, Dkt. 130.  Furthermore, Defendants have failed to disclose whether this financing has continued after July 2020.  It almost certainly has.  See Sup. Ct. Dkt. No. 21-1217.

[3] Defendants seek $281,085.00 across both cases.  Dkt. 93 at 10 ("$101,764.50"); HOB Dkt. 122 at 11 ("$179,320.50").

14

2.    _Important doctrinal clarifications on new issues weigh against fees_: Litigation that clarifies the boundaries of copyright law serves the public interest and, accordingly, should _not_ be deterred. E.g., Fogerty, 510 U.S. at 527 ("[I]t is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible."); Lotus Dev. Corp. v. Borland Int'l Inc., 140 F.3d 70, 75 (1st Cir. 1998) ("[C]opyright law benefits from the resulting clarification of the doctrine's boundaries."). This case has resulted in major doctrinal clarification and contributions. It's **(1)** resulted in the first-in-the-nation appellate decision applying §120(a) to floor plans, Dkt. 100-3; and **(2)** resulted in a first-in-the-nation decision regarding fair use as to the online display of floor plans, Dkt.124. Even Defendants themselves characterized these as "_exceptionally important_" issues that impact "_hundreds of thousands of architects and contractors_[.]" En Banc Pet. 1; see Sup. Ct. Petition 27 ("important questions"). The doctrinal clarity arising from this case _benefits_ the public. Because this case resulted in doctrinal clarity, that weighs strongly against fees.

3.    _The commercial nature of the uses weighs against fees_: Courts find a need for deterrence where a copyright holder aggressively targets public institutions or nonprofit organizations. E.g., Bell v. Eagle Mt. Saginaw Indep. Sch. Dist., 27 F.4th 313, 326 (5th Cir. 2022) (fee-shifting against serial litigant who had "a long history of suing public institutions and nonprofit organizations over de minimis uses"). Yet, this is indisputably a _commercial_ dispute— as Plaintiffs, Defendants, and this Court all agree. Dkt. 74 at 31 ("Commercial use"); Dkt. 77 at 21 ("market their brokerage"); see Dkt. 67 at 10; Dkt 124 at 11 ("**commercial use**" (bold in original)).

This factor weighs heavily against fees.

15

**C.     The case-specific factors do not support copyright fee-shifting here.**

When adopting the <u>Fogerty</u> factors, the Supreme Court made explicitly clear that they're "*nonexclusive* factors[.]" <u>Fogerty</u>, 510 U.S. at 534 n.19; Dkt. 130 at 3 ("non-exhaustive"). Courts deciding copyright fee motions "***must*** also give due consideration to all other circumstances relevant to granting fees[.]" <u>Kirtsaeng</u>, 579 U.S. at 200; <u>id.</u> at 203 ("totality of circumstances"); Dkt. 130 at 6 (same). Accordingly, the Court should consider two other factors that loom large here: the purposes factor, <u>see</u> Section I.C.i, *infra*, and the chilling-effect factor, <u>see</u> Section I.C.ii, *infra*.

> i.     *The purposes factor weighs against fees.*

One of the additional "factors"—*i.e.*, the purposes factor—takes into account the "purposes of the Copyright Act." <u>Killer Joe</u>, 807 F.3d at 911; <u>Fogerty</u>, 510 U.S. at 534 n.19 ("purposes of the Copyright Act"). Copyright's purposes reflect a "balance of competing claims upon the public interest" with strong public interests on both sides of any copyright dispute—such that fee-shifting decision cannot simply cherry pick the plaintiff-friendly or defendant-friendly purposes, but must respect both. <u>Fogerty</u>, 510 U.S. at 526.

To do so, <u>*clarity*</u> takes on central importance: "it is peculiarly important that the boundaries of copyright law be demarcated ***as clearly as possible*.*" <u>Id.</u> at 527. Accordingly, this factor weighs *against* fees whenever the litigation contributed to clarity that would be helpful to non-litigants. Here, it indisputably did—advancing copyright's purposes, meaning that yet another factor weighs against fees.[4]

---

[4] To the extent that the Court views Plaintiffs' other case as relevant, it too clarified copyright law and shouldn't be deterred. <u>Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.</u>, 9 F.4th 961, 965 (8th Cir. 2021) ("To be sure, the district court was wrong to say[…]"). It clarified a Circuit split in the fee standard, as the First Circuit has acknowledged. <u>Markham Concepts v. Hasbro, Inc.</u>, 71 F.4th 80, 85 n.10 (1st Cir. 2023).

16

*ii.* *The chilling-effect factor weighs against fees.*

Another factor, *i.e.*, the chilling-effects factors, takes into consideration "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." E.g., Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003). Here, fees clearly would. Defendants are seeking $280,000—which is over ten times Plaintiffs' annual income. James Form 4 Decl. at 2; Fogerty, 510 U.S. at 524 ("[E]ntities which sue for copyright infringement as plaintiffs can run the gamut from corporate behemoths to starving artists[.]"). This factor also weighs heavily against attorney fees.

**D.    Weighed together, the copyright-fee factors weigh against fees.**

In weighing the factors, *predictability* is the paramount consideration. Kirtsaeng, 579 U.S. at 204 (eschewing any weighing that "prevents individuals from predicting how fee decisions will turn out, and thus from making properly informed judgments about whether to litigate"); id. at 206 n.2 (eschewing any weighing where litigants "cannot confidently predict which way the Court will rule").

Here, Plaintiffs came to this Court (i) armed with registrations from the U.S. Copyright Office, (ii) proved a prima facie case, (iii) won on the central merits affirmative defense, (iv) sought to enforce their rights as they viewed them (with no evidence of improper motive because there wasn't one), (v) against litigation-financed Defendants who've already been compensated in full, (vi) provided major clarity through two first-in-the-nation opinions, (vii) in a concededly commercial dispute, (viii) a dispute that furthered the Copyright Act's purposes, and (ix) would face a chilling effect were fees imposed. Not only do all the six factors weigh against fees—including the most important—but some heavily do. Fees should be denied.

17

## II. IN THE ALTERNATIVE, FEES SHOULD BE REDUCED FOR EQUITABLE REASONS AND BECAUSE CERTAIN FEES SOUGHT ARE NOT COMPENSABLE.

If this Court awards fees, it must determine a "reasonable" fee. §505. For equitable reasons, the Court should not award the full amount sought. See Section II.A, *infra*. Moreover, certain fees requested are not compensable for a variety of reasons detailed below. See Section II.B, *infra*.

### A. Any fees awarded should be reduced in light of equitable considerations.

Attached to this filing, Plaintiffs have shown they're of modest means. See generally James Form 4 Financial Decl. Thus, even if this Court orders fee-shifting, the amount must be "reasonable[.]" §505; Johnson v. Storix, Inc., 716 F. App'x 628, 632 (9th Cir. 2017) ("§ 505 demands that [fee amounts] be reasonable."). In determining a reasonable amount, the "relative financial strength of the parties is a valid consideration[.]" Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986). In copyright, courts do make significant adjustments, which is especially warranted here to ensure the amount isn't ruinous. See, e.g., Lanard Toys v. Dimple Child LLC, 843 F. App'x 894, 897-898 (9th Cir. 2021) (only $48,074.20 of $248,898 sought); Apps v. Universal Music Grp., Inc., 799 F. App'x 523, 524 (9th Cir. 2020) (only $41,955 of $127,658 sought). Notably, these cited cases don't appear to have involved parties of modest means, like here.

### B. Certain fees requested in the underlying proceeding are not compensable.

Defendants have sought non-compensable hours. These non-compensable hours include:

- *Redactions*: Some entries are too redacted to permit meaningful scrutiny. E.g., Mo. Primate Found. v. PETA., 2023 U.S. Dist. LEXIS 51469, *7 (E.D. Mo. Mar. 27, 2023) ("[T]hese hours were redacted, and I will exclude them from the lodestar calculation.").

18

- *Block Billing*: Some entries impermissibly block billed.  E.g., <u>GE Capital Corp. v. FPL Serv. Corp.</u>, 2014 U.S. Dist. LEXIS 201806, *4-5 (N.D. Iowa Mar. 26, 2014) ("block billing").

- *Vague Entries*: Some entries are far too vague or generalized to be meaningfully reviewed.  <u>E.g.</u>, <u>Krekelberg v. City of Minneapolis</u>, 2023 U.S. Dist. LEXIS 129755, *16 (D. Minn. July 27, 2023) ("unidentified individuals, or unreasonably vague entries").

- *Clerical Work*: Some entries are for clerical work.  E.g., <u>Summerville v. TWA</u>, 1999 U.S. Dist. LEXIS 21890, *10-11 (E.D. Mo. Sept. 28, 1999) ("Activities included beneath the rubric of ministerial or clerical duties include delivering documents, filing pleadings, copying documents, faxing, calling court reporters, paying bills," *etc.*).

- *Repetitious Entries*: Some entries are redundant, repetitive, or double-billed across the cases.  <u>E.g.</u>, <u>Jo Ann Howard & Assocs., P.C. v. Cassity</u>, 2020 U.S. Dist. LEXIS 29932, *30-31 (E.D. Mo. Feb. 21, 2020) ("redundancies and duplication of effort").

- *Mediation / Other Matters*: Some entries pertain to other matters or to mediation.  E.g., <u>Greater St. Louis Constr. Laborers Welfare Fund v. X-L Contr., Inc.</u>, 2016 U.S. Dist. LEXIS 150323, *39-40 (E.D. Mo. Oct. 31, 2016) ("other matters"); <u>Gable v. NBC</u>, 2010 U.S. Dist. LEXIS 150588, *36 (C.D. Cal. Aug. 5, 2010) ("mediation)").

- *Unsuccessful Motions*: Some entries relate ultimately unsuccessful motions.  E.g., <u>D.L. v. St. Louis City Pub. Sch. Dist.</u>, 2019 U.S. Dist. LEXIS 50239, *5-6 (E.D. Mar. 26, 2019) ("not successful" so "inappropriate to award relief for work dedicated to those points.").

19

III. **COSTS SHOULD BE DECIDED BY REFERENCE TO THE PARTIES' SEPARATE COSTS SUBMISSIONS—NOT A MOTION FOR ATTORNEY FEES.**

Defendants also insert a request for *costs* in their motion for attorney *fees*. E.g., Dkt. 130 at 1 ("full costs"), 1 ("$3757.95 in costs"), 11 ("3757.95 in costs"), 13 ("costs in the amount of $3,575.95"). The simplest way to resolve Defendant's duplicative request would be by reference to the Parties' relevant cost submissions already submitted. See Dkt. 128 (bill of costs); Dkt. 133 (objections).

1. Defendants' request for costs is duplicative of their recently filed bill of costs: Since summary judgment on fair use, Dkt. 124, Defendants have already requested the taxation of $2,231.56 via a bill of costs, Dkt. 128. Plaintiffs have objected. Dkt. 133. To the extent that Defendants now seek duplicative "double" costs, the cost statute simply does not permit double costs. Compare 28 U.S.C. § 1920 ("costs") with Fed. R. App. P. 38 ("double costs"). To the extent that Defendants merely seek a decision on their bill of costs, the Court can simply decide costs by reference to the Parties' separate cost submissions. See Dkt. 128 (bill of costs), Dkt. 133 (objections).

2. Copyright's "full costs" is limited to the expenses authorized by the cost statute: Insofar as Defendants are now seeking additional costs under the Copyright Act's "full costs" provision, see §505 ("full costs"), that request must be denied. Binding precedent limits taxable costs in copyright cases to the taxable costs authorized more generally in 28 U.S.C. § 1920. Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 876 (2019); Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996). Thus, the additional $1,526.39 newly sought here ($3,757.95-$2,231.56) may not be taxed.

20

3.  A motion for attorney fees is an improper procedural vehicle to seek costs.  A bill of costs is required to seek costs under the cost statute and, accordingly, an attorney-fees motion is a procedurally improper vehicle to do so.  28 U.S.C. § 1920 ("A bill of costs *shall* be filed[.]"); compare id. and Fed. R. Civ. P. 54(d)(1) (no mention of motion for seeking "*Costs Other Than Attorney's Fees*") with Fed. R. Civ. P. 54(d)(2)(A) (Attorney-fees "*Claim to Be **by Motion***" (italics in original)); see, e.g., LaGarde v. Metz, 2017 U.S. Dist. LEXIS 82928, *8 (M.D. La. May 31, 2017) (noting that "the filing of a motion is procedurally improper" where party "filed a motion to tax costs").

## CONCLUSION

The Court should deny Defendants' motion for copyright fees because the relevant fee factors do not support a fee award.  See Section I, *supra*.  In the alternative, the Court should reduce the fees awarded, either as a matter of its equitable discretion, see Section II.A, *supra*, or because certain hours requested are not compensable, see Section II.B, *supra*.  Finally, the Court should determine costs by reference to the Parties' cost submissions—not a fee motion.  See Section III, *supra*.

21

Date: November 27, 2023                    Respectfully submitted,

                                           **DIGITAL JUSTICE FOUNDATION**
                                           A NONPROFIT, PUBLIC-INTEREST LAW FIRM

                                            By */s/ Andrew Grimm*
                                                 Andrew Grimm (admitted *pro hac vice*)
                                                 DIGITAL JUSTICE FOUNDATION
                                                 15287 Pepperwood Drive
                                                 Omaha, Nebraska 68154
                                                 (531) 210-2381
                                                 Andrew@DigitalJusticeFoundation.org

                                                 Kenneth Caldwell (MO #65443)
                                                 CALDWELL LAW FIRM P.C.
                                                 2300 Main Street, Suite 900
                                                 Kansas City, Missouri 64108
                                                 (302) 588-3834
                                                 KCaldwell@Caldwell-Law-Firm.com

                                                 *Attorneys for Plaintiffs*


                        **CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing has been served via this Court's

CM/ECF system to other counsel of record.


DATED: November 27, 2023                   Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm

22