## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| DESIGNWORKS HOMES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-CV-04093-BCW |
| | ) | |
| SUSAN HORAK, doing business as | ) | |
| The Susan Horak Group Re/Max | ) | |
| Boone Realty, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Attorneys' Fees and Full Costs. (Doc. #130).

The Court, being duly advised of the premises, grants Defendants' motion for fees in the amount

of $82,626.75.

## BACKGROUND

In May 2018, Plaintiffs Designworks Homes, Inc., a design and build company, and its

sole shareholder Charles Lawrence James (together, "Designworks"), filed a Complaint for

Copyright Infringement (Doc. #1) against Defendant Susan Horak and Boone Group, LTD, real

estate agents/brokers hired by a non-party to sell a residence located at 4306 Melrose Drive in

Columbia, Missouri.[1]

In 1996, Designworks constructed 4306 Melrose using a unique home design referred to

as "triangular atrium design with stairs" (the "Design"). As part of the marketing materials for the

---

[1] Designworks filed a second copyright infringement suit in this Court, also in May 2018, also alleging copyright infringement of the Design by other Defendants, also real estate brokers/agents, who also published a floorplan of the residence they had been hired to market, located at 1713 Kenilworth Dr., Columbia, Missouri. Designworks Homes, Inc. v. Susan Horak, 2:18-CV-04090-BCW. Additionally, in March 2018, Designworks filed another case for infringement of the Design against other home designers/architects. Designworks Homes, Inc. v. Thomson Sailors Homes, LLC, 4:18-CV-00189-SRB.

1

sale of 4306 Melrose, Defendants published a floorplan reflecting the interior dimensions 4306 Melrose. Designworks alleged this floorplan infringed on Plaintiffs' copyrights in the Design.

Designworks alleged four claims: (I) copyright infringement; (II) contributory copyright infringement; (III) vicarious copyright infringement; and (IV) violation of the Visual Artist Rights Act, 17 U.S.C. § 106A ("VARA").

In December 2019, the Court granted Defendants' motion for summary judgment on each of Designworks' four claims. (Doc. #79). Designworks' Counts I, II, and III alleged infringement of three copyright registrations relating to the Design. The Court granted Defendants' motion for summary judgment on Counts I, II, and III for two of the copyright registrations because the summary judgment record did not demonstrate Defendants' "access" to the copyrighted materials. (Doc. #106) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) (copyright infringement claim requires (1) ownership of a valid copyright; and (2) defendant's copying of original elements)); Moore v. Columbia Pictures Indus., Inc., 972 F.2d 939, 941-42 (8th Cir. 1992) (copying may be shown if the defendant had access to the work and defendant's work is substantially similar)). The Court also granted summary judgment for Defendants on Designworks' Count IV alleging violation of VARA. (Doc. #79).

The Court also granted Defendants' motion for summary judgment on Counts I, II, and III as to Designworks' third copyright registration under 17 U.S.C. § 120(a). (Doc. #79). Section 120(a) provides that an owner's copyright in a constructed architectural work "does not include the right to prevent the making, distributing, or public display of . . . pictorial representations of the work if the building in which the work is embodied is located in or ordinarily visible from a public place." (Doc. #79).

Case 2:18-cv-04093-BCW   Document 143   Filed 09/30/24   Page 2 of 15

In connection with the 2019 Order granting Defendants' motion for summary judgment on each of Designworks' claims, the Court also granted Defendants' motion for attorneys' fees and costs. (Doc. #96). The Court awarded Defendants, as the prevailing party under 17 U.S.C. § 505, attorneys' fees in the reduced amount of $92,322.00, and costs in the amount of $3,102.02. (Doc. #96).

Designworks appealed to the Court of Appeals for the Eighth Circuit both the 2019 Order granting Defendants' motion for summary judgment (Doc. #85) and the Order granting Defendants' motion for attorneys' fees. (Doc. #97).

On August 16, 2021, the Eighth Circuit issued a Judgment and Opinion reversing and remanding the 2019 Order granting summary judgment to Defendants on Designworks' copyright infringement claims alleged in Counts I (copyright infringement), II (contributory copyright infringement), and III (vicarious copyright infringement). (Doc. #100-3). The Eighth Circuit also vacated the Order awarding Defendants fees and costs. (Doc. #100-3). The Eighth Circuit held:

> § 120(a) does not provide a defense to copyright infringement to real estate companies, their agents, and their contractors when they generate and publish floorplans of homes they list for sale. Our decision does not preclude the district court on remand from considering whether some other defense might apply or whether the plaintiffs have demonstrated a claim of copyright infringement in the first place.

(Doc. #100-3 at 13). Defendants filed a petition for writ of certiorari to the United States Supreme Court for review of the Eighth Circuit decision, but the petition for writ was denied. (Doc. #115).

On remand from the Eighth Circuit, this Court ordered supplemental summary judgment briefing on Defendants' fair use affirmative defense. (Doc. #114). On September 28, 2023, the Court again granted summary judgment for Defendants on Counts I, II, and III, this time based on fair use. (Doc. #124); 17 U.S.C. § 107 (copyright ownership does not include the exclusive right

to reproduce the copyrighted material "for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research, [which] is not an infringement of copyright.").

Designworks filed a notice of appeal (Doc. #129) and Defendants filed the instant motion for attorneys' fees and costs under 17 U.S.C. § 505. (Doc. #130).

## LEGAL STANDARD

The purpose of the Copyright Act is "[t]o promote the Progress of Science and the useful Arts . . . .", and "ultimately serves the purpose of enriching the general public through access to creative works . . . ." Fogerty v. Fantasy, Inc., 510 U.S. 517, 526-27 (1994); U.S. Const., Art. I, § 8, cl. 8. "[Section 505] achieves that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work. Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote these purposes." Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 204 (2016) (citing Fogerty, 510 U.S. at 526).

> In any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Section 505 "thus authorizes fee-shifting, but without specifying standards that courts should adopt, or guideposts they should use in determining when such awards are appropriate." Kirtsaeng, 579 U.S. at 202. In Fogerty, the Supreme Court of the United States "recognized the broad leeway § 505 gives to district courts – but also established several principles and criteria to guide their decisions" under § 505. Id. (citing 510 U.S. at 519).

While § 505's statutory language "connotes discretion", Fogerty "established a pair of restrictions." Kirtsaeng, 579 U.S. at 202. "First, a district court may not 'award attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." Id.

(citing <u>Fogerty</u>, 510 U.S. at 533). "Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." <u>Id.</u> (citing <u>Fogerty</u>, 510 U.S. at 527).

Fee analysis under § 505 may involve consideration of "several nonexclusive factors", including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." <u>Id.</u> (<u>Fogerty</u>, 510 U.S. at 534); <u>Killer Joe Nevada, LLC v. Does 1-20</u>, 807 F.3d 908, 911 (8th Cir. 2015) (citing <u>Action Tapes, Inc. v. Mattson</u>, 462 F.3d 1010, 1014 (8th Cir. 2006) (citing <u>Fogerty</u>, 510 U.S. at 534) ("Awarding attorney's fees to a prevailing part is a matter for the district court's equitable discretion, to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act.")).

## ANALYSIS

Defendants argue the Court should grant their motion for fees in the amount of $92,322.00 and costs in the amount of $3,102.02.[2] (Doc. #130). Defendants argue that though the previous Order granting fees and costs was vacated by the Eighth Circuit when it reversed and remanded the Court's 2019 summary judgment Order, the Court's analysis of fees and costs remains equally applicable in connection with the 2023 summary judgment Order in Defendants' favor. (Doc. #130).

In opposition, Designworks argues the Court may not reinstate the Order granting costs and fees, since the Order was vacated by the Eighth Circuit. (Doc. #138). Designworks argues fee-

_____

[2] Defendants' motion for fees excludes any additional amounts incurred on appeal or for supplemental briefing after remand.

shifting under 17 U.S.C. § 505 is improper under the circumstances of this case, especially after Designworks' appeal of the 2019 summary judgment Order was successful. Designworks otherwise argues Defendants' fee request should be reduced in equity or based on the lack of evidentiary support for Defendants' claimed fees. (Doc. #138).

At the outset, the Court agrees with Designworks that it may not rely on its previous analysis to award fees to Defendants under § 505. Rather, the Court analyzes the relevant factors under the current circumstances of the case. Kirtsaeng, 579 U.S. at 203 (attorneys fees may not be awarded as a matter of course, but rather pursuant to a particularized assessment).

However, Designworks' opposition to Defendants' motion posits that the Court's discretion to award fees under § 505 is more limited than Kirtsaeng suggests. For one thing, Designworks takes issue with Defendants' statement that they are "entitled" to fees under § 505. (Doc. #138 at 8). To the extent Designworks' argument goes beyond semantics, the Court clarifies that any fee award, in the context of the instant motion or the previous motion, is based on the application of relevant, non-exhaustive factors as set forth in Fogerty and further elucidated in Kirtsaeng. As Kirtsaeng explains:

> [a]s [the Supreme Court] recognized in Fogerty, § 505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions. (citation omitted). That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones). For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses. [. . .] Or a court may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case. [. . .] Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals.

579 U.S. at 208-209 (citing Viva Video, Inc. v. Cabrera, 9 Fed. App'x 77, 80 (2nd Cir. 2001); Bridgeport Music, Inc. v. WB Music Corp., 520 F.3d 588, 593-95 (6th Cir. 2008)).

The Court thus considers, within its discretion, based on the relevant factors under the current circumstances of this case, whether to grant Defendants' motion for costs, including a reasonable attorney's fee, under § 505.

**A. The relevant factors support a § 505 fee award for Defendants.**

Under the current circumstances of the case, the Court found Defendants entitled to summary judgment on the basis that the floorplan amounted to fair use. (Doc. #124). Though this summary judgment Order is on appeal, Defendants are the prevailing party in connection with the 2023 summary judgment Order, and Designworks does not dispute this premise in their suggestions in opposition to Defendants' motion. Rather, Designworks argues the relevant factors do not justify the assessment of a reasonable attorneys' fee against them under § 505, and/or Defendants' requested fee amount should be reduced.

**1. The "frivolous" factor weighs slightly in favor of a fee award.**

Defendants argue the Court should award § 505 fees because Designworks "adopted a kitchen sink approach to this litigation . . . and brought a litany of frivolous claims, including claims of infringement of unrelated and unregistered copyrights, [and] claims for vicarious and contributory infringement with no factual basis . . . ." (Doc. #130 at 8). In opposition, Designworks argues it did not press frivolous claims – to the contrary, it succeeded on appeal on one of Defendants' primary defenses. (Doc. #138).

A frivolous claim is one "lacking any plausible merit" in fact or law. Warren Publ'g Co. v. Spurlock, No. 08-3399, 2010 WL 760311, at *4 (E.D. Pa. Mar. 3, 2010) (citing Matthew Bender

& Co. v. W. Publ'g Co., 240 F.3d 116, 126 (2d Cir. 2001); Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Designworks' claims cannot be said to be lacking any plausible merit in fact or law overall, even if the Court ultimately found in Defendants' favor. However, Designworks filed two lawsuits hinged on the same essential factual and legal premises. Indeed, on appeal, the Eighth Circuit considered the cases together. On this basis, Designworks' claims are reasonably characterized as overbroad – if Designworks' purpose in this litigation was to clarify the scope of § 120(a) for pictorial representations, or to develop the issue of fair use as it relates to architectural works and marketing real estate, a narrower case would have served those goals. The "frivolous" factor weighs slightly in favor of fee-shifting.

### 2. The "motivation" factor weighs in favor of a fee award.

Defendants argue Designworks' motivation in bringing this infringement action weighs in favor of § 505 fee-shifting because Designworks filed multiple, factually similar cases in an effort to extract a settlement. Additionally, Defendants argue Designworks has not built any homes since the early 2000s, and has instead resorted to litigation prospecting. In opposition, Designworks argues it sued to enforce its copyrights as it understood them, and Defendants demonstrate no proof of improper motivation.

Contrary to Designworks' assertions, Designworks' overbroad approach to this litigation suggests motivation that tends in favor of fee-shifting. Consistent with the discussion above, if Designworks' case(s) were purely motivated by a desire to clarify the law as it relates to copyrights in architectural works and real estate marketing, a narrower case, which Designworks could support with facts, would have achieved that goal. This factor does not weigh against Designworks because it sought monetary damages in connection with their copyright infringement claims;

8

rather, this factor weighs against Designworks because it filed two cases arising from essentially the same facts that they believed would be resolved on summary judgment as a matter of law. Further, Designworks asserted claims that it did not support with record evidence at the summary judgment stage.

Moreover, as the Eighth Circuit noted, Designworks' arguments before this Court "were somewhat inchoate" until the parties' legal arguments and positions were fleshed out on appeal. (Doc. #100-3 at 4). The Court attributes Designworks' underdeveloped arguments, at least in part, to Designworks' overbroad approach to this litigation. The "motivation" factor weighs in favor of fee-shifting.

### 3. The "objective unreasonableness" factor weighs neutrally.

Defendants argue Designworks' claims were objectively unreasonable in their overbreadth, in that Designworks alleged infringement of three copyrights, yet made minimal effort through discovery to marshal evidence in support of their claims. In opposition, Designworks argues its infringement claims related only to registered copyrights, which is not unreasonable, and moreover, Designworks prevailed on appeal on Defendants' § 120(a) defense.

Here, Designworks' claims are not reasonably characterized as objectively unreasonable, even if Defendants ultimately prevailed. Designworks prevailed on appeal based on § 120(a), even if it also raised claims that it did not factually substantiate. Moreover, after appeal, the Court required supplemental briefing from both parties in order to adequately address Defendants' fair use defense. Despite the overbreadth of Designworks' claims, the case presented the opportunity for the Courts to consider the intersections among architectural works, fair use, and real estate marketing in contribution to the development of copyright law. Therefore, the "objective unreasonableness" factor weighs neutrally on the issue of fee-shifting under § 505.

9

### 4. The "compensation and deterrence" factor weighs in favor of a fee award.

In the context of Defendants' motion for fees and costs before appeal, the Court found the "need . . . to advance considerations of compensation and deterrence" factor weighed in favor of a fee award, in light of Designworks' broad litigation strategy involving three separate cases, including multiple factually baseless claims. Even in recognition that Designworks' claims and cases led to further elucidation in the law as it relates to copyright law and real estate marketing after appeal, Designworks' broad litigation strategy, i.e. pressing at least some factually unsupported claims and giving short shrift to their legal arguments, weighs in favor of a fee award for Defendants.

Designworks argues the Court should not apply § 505 here because Defendants' litigation in this case was financed by the National Association of Realtors (NAR), which Defendants misleadingly failed to disclose. (Doc. #138). Moreover, Designworks argues, Defendants, nor the NAR, were burdened by this litigation because it served the NAR's policy interests. Though the Court recognizes the <u>Fogerty</u> factors are non-exhaustive, and, therefore, NAR's funding of this litigation is relevant to whether fees should be awarded under § 505, Designworks provides no legal basis for the conclusion that litigation finance should deter fee-shifting under § 505.

The purpose of the Copyright Act is not served through unnecessarily overbroad infringement claims, and Designworks' litigation strategy gives rise to circumstances suggesting a need for deterrence. Therefore, this factor weighs in favor of fee-shifting under § 505.

Based on the foregoing, the relevant factors weigh in favor of fee-shifting under § 505, including a reasonable attorney's fee to Defendants as the prevailing party.

10

**B. The Court awards reasonable attorneys' fees in a total amount of $82,626.75.**

The next question is whether Defendants' requested fee award is reasonable. Previously, the Court granted Defendants' motion for fees in the amount of $92,322.00, which equates to 269 hours of attorney time at a rate of not more than $400 per hour. (Doc. #96). In the instant motion, Defendants rely on the same billing records from counsel with Rimon, P.C. and counsel with Husch Blackwell (Docs. #93-1, #93-2), and argue the Court should grant its motion for fees in the same amount. (Doc. #130).

Designworks argues the requested fee is unreasonable for several reasons: (1) Defendants did not litigate this case in a manner which would minimize costs; (2) the billing records largely represent law partners' billing rates, as opposed to the billing rates for associates; (3) the issues presented were not complex; (4) the parties' relative financial strengths tend against the amount of fees requested; and (5) the billing records are partially redacted. (Doc. #123). Designworks otherwise argues Defendants' requested attorneys' fees are unreasonable because the parties' relative financial strengths weigh in favor of a fee reduction, and, moreover, the NAR shouldered Defendants' litigation fees. (Doc. #138).

A reasonable attorney's fee is "based on a lodestar figure represented by the reasonable hourly rate multiplied by the hours expended in the litigation; the actual fee arrangement between the client and the attorney is immaterial." Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996). The party seeking attorney fees should substantiate the fee request with documentation, and make an effort to exclude any redundant or excessive fees. Armstrong v. ASARCO, Inc., 149 F.3d 872, 873 (8th Cir. 1998) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-36 (1983)). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1947 (8th Cir. 2011).

In calculating a reasonable fee, the Court should multiply the number of hours reasonably expended by a reasonable hourly rate, "with the resulting total presumed to be a reasonable fee subject to an upward or downward adjustment" in consideration of certain factors. St. Paul Stamp Works, Inc. v. Allen Marking Prods., Inc., No. 05-349-CV-W-FJG, 2006 WL 3937093, at *1 (W.D. Mo. Dec. 7, 2006) (citing Norwood Operating Co. v. Beacon Promotions, Inc., No. Civ. 04-1390 (MJD/SRN), 2006 WL 31003154 (D. Minn. Oct. 31, 2006)).

> The following factors are relevant to the Court's determination of a reasonable fee:
>
> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases . . . .

Id.

As referenced above, Designworks filed, in addition to this case, two other copyright cases stemming from the Design in this District. In all three of the cases filed by Designworks, the Court granted summary judgment for Defendants. In an Order entered in December 2019 in Designworks Homes, Inc. v. Thomson Sailors Homes, LLC, 4:18-CV-00189-SRB, the district court granted Defendants' motion for attorneys' fees but found reasonable an hourly rate of no greater than $400. 4:18-CV-00189-SRB, Doc. #166, aff'd, (Doc. #186-1).

In consideration of the experience, reputation, and ability of the attorneys, the results obtained, customary fee, and fee awards in similar cases, this Court likewise finds reasonable an hourly rate of $400. St. Louis Effort for AIDS v. Lindley-Myers, Case No. 13-4246-CV-C-ODS, 2018 WL 1528726, at *3 (W.D. Mo. Mar. 28, 2018) (citing 2017 Billing Rates, Mo. Law. Wkly., Aug. 7, 2017, at BR2-BR6) (average hourly rate for law partners in Kansas City, Missouri was

12

$406). Moreover, an hourly rate of $400 is reasonable to account for counsel's skills and expertise. Miller v. Dugan, 764 F.3d 826, 831 (8th Cir. 2014) (citing Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (district court may rely on its experience and knowledge of prevailing market rates)).

The Court thus applies this $400 cap to the billing records supplied by Defendants. Where counsel's usual hourly rate is greater than $400, the Court reduces the hourly rate to $400.

For the billing records from Rimon P.C., the hours reasonably expended in this litigation at a billing rate of greater than $400 totals 130.9. (Doc. #93-1). Notably, Rimon's billing records reflect instances where work on one Designworks case was "split" with the other. (Doc. #93-1 at 10, 25) (e.g., "working on setting up mediation (split with related case)"); ("[t]elephone call with P. Kuehl; draft motion for summary judgment (split time)"). Because Rimon's records account for duplicative work, counsel's time expenditures, as reflected in Rimon's billing records, are reasonable. Where hourly rates of Rimon's counsel and/or support staff does not exceed $400, the Court applies no adjustment and finds those requested fees reasonable. Based on the billing records supplied by Rimon, counsel reasonably expended 130.9 hours of attorney time at a rate of not more than $400 per hour, totaling $52,360.00 in fees. For work billed at an hourly rate of less than $400, reasonable fees are, consistent with Rimon's billing records, $15,870.00. The Court thus grants Defendants' motion for fees supported by the billing records submitted by Rimon in a total amount of $68,230.00.[3]

For the billing records from Husch Blackwell, the hours reasonably expended in this litigation at a billing rate of greater than $400 totals 30.3. (Doc. #122-2). In contrast with the billing records submitted by Rimon, Husch's records do not indicate that counsel considered duplicative work between the two Designworks cases. Therefore, where the billing records for this case and

---

[3] [130.9 hours at $400 for work performed by P.D. Kuehl, P.S. Jasper] + [33.2 hours at $300 for work performed by L.M. Chavkin] + [39.4 hours at $150 for work performed by B.K. Haynes]

the related case (No. 2:18-CV-04090-BCW, Doc. #122-2) reflect the same work performed on the same date by the same counsel, the Court reduces counsel's time expenditures by half. The Court applies this same adjustment to work billed at an hourly rate of less than $400. This adjustment is reasonable based on the overlap in the applicable law between Designworks' cases.

Otherwise, the Court denies Defendants' fee request for .4 hours of attorney time incurred by Husch on June 27, 2019 because the Court cannot determine, based on the description, that the work described was reasonably necessary. (Doc. #93-2 at 34)("[redacted] blog of copyright registration invalidity")

Based on the billing records supplied by Husch, counsel reasonably expended 30.3 hours of attorney time at a rate of not more than $400 per hour, totaling $12,120.00 in fees. For work billed at an hourly rate of less than $400, reasonable fees are, reflecting the "split" time adjustment applied by the Court, $2,276.75. The Court thus grants Defendants' motion for fees supported by the billing records submitted by Husch in a total amount of $14,396.75.[4]

The Court thus grants Defendants' motion for reasonable attorneys' fees in the amount of $82,626.75 under § 505.

To the extent Designworks argues that Defendants improperly seek fees for work performed by partners, as opposed to work by associates, the application of $400 as a reasonable hourly rate for attorney time renders this argument moot. Additionally, Designworks relies on persuasive authority to suggest that in considering a reasonable fee award, the Court should consider the parties' relative financial strengths. Because the Eighth Circuit has not adopted this factor, the Court declines to consider it.

---

[4] [30.3 hours at $400 for work performed by P. Kuehl, W. Kircher, J. Simon] + [3.4 hours at $300 for work performed by C. Acevedo] + [1.55 hours at $225 for work performed by S. Shipp] + [.55 hours at $380 for work performed by N. Oleen] + [2.35 hours at $285 for work performed by M. Owens] + [.15 hours at $195 for work performed by S. Hall].

14

For all of these reasons, and having carefully reviewed the billing records submitted (Docs. #93-1, #93-2), the Court concludes that after reducing by half any duplicative billing, the total hours spent on the case (241.8) is reasonable, and the amount of fees requested is reasonable, except where counsel's usual hourly rate exceeds $400. In those instances, the Court finds $400 to be a reasonable hourly rate, and awards Defendants attorneys' fees to that extent. Accordingly, it is hereby

ORDERED Defendants' Motion for Attorneys' Fees (Doc. #130) is GRANTED. The Court assesses fees in Defendants' favor under § 505 of the Copyright Act in a total amount of $82,626.75 for 241.8 of attorney time at an hourly rate of not more than $400. The Court assesses costs by separate Order.

IT IS SO ORDERED.


DATED: <u>September 30, 2024</u>

<div style="margin-left:40%">

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

</div>